(No. 4254 

MARY E. SEATON, WIDOW, ET AL., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 18, 1950.*

GRAHAM & PRENTISS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Mary E. Seaton, widow of Ben R. Seaton, deceased, brings this action to recover under the Workmen's Compensation Act for the death of her husband, an employee of respondent, in an accident that arose out of and in the course of his employment as a State police officer in the Department of Public Safety.

All jurisdictional requirements have been complied with and the uncontroverted facts disclose that the deceased, on October 24, 1949, was assigned to drive a State vehicle from Keithsburg, Illinois, to Oneida, Illinois, where he was to assist a detail engaged in weighing trucks. At approximately 4:00 P.M. on that day, the car deceased was driving collided with another vehicle while traveling in an easterly direction on State Aid Route No. 2, near Oneida, Illinois. Deceased was almost instantly killed.

Respondent has made no payments as a result of the deceased's accidental death.

At the time of decedent's death, his widow, Mary E. Seaton, and his two minor children, Neil D., born February 8, 1941, and Mary Constance, born August 30, 1944, were totally dependent upon him for support. Deceased's earnings from respondent in the year preceding his death amounted to $2,910.58.

Claimant is entitled to an award under Section 7 (a), (h) (3), (L) of the Workmen's Compensation Act in the sum of $7,500.00, payable at the rate of $24.00 per week.

Mrs. George O. Hebel, Aledo, Illinois, was employed to take and transcribe the testimony before Commissioner Wise. Charges in the amount of $23.90 were incurred, which charges are reasonable and proper. An award is, therefore, entered in favor of Mrs. George O. Hebel in the amount of $23.90.

An award is entered in favor of claimant, Mary E. Seaton, in the amount of $7,500.00, to be paid to her as follows:

$ 603.43, which has accrued and is payable forthwith
$6,896.57, payable in weekly installments of $24.00 beginning on April 25, 1950, for a period of 287 weeks, plus one final payment of $8.57.

All future payments being subject to the conditions

of the Workmen's Compensation Act, jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''